## Case No. 3,599.

### In re DAVIDSON.

[4 Ben. 10;[1] 3 N. B. R. 418 (Quarto, 106).]

District Court, S. D. New York. Jan. Term, 1870.

BANKRUPTCY—VOID JUDGMENT—FORFEITURE OF DEBT—DUTY OF CREDITOR.

1. M. a creditor of D. an insolvent, knowing that he was insolvent, commenced an action against him in a state court, and, without opposition, obtained a judgment against him and issued an execution, under which the sheriff levied on and sold D's. property. A few days after the levy, creditors of D. filed a petition against him in involuntary bankruptcy, on the ground of his having so suffered his property to be taken on legal process, with intent to give a preference to M. D. denied the act of bankruptcy, but, before the matter was tried, he filed a petition to be declared a bankrupt and an adjudication of bankruptcy was made against him. The assignee in bankruptcy, having been chosen, filed a petition to have the judgment in favor of M. against D. set aside, to have M. pay over to the assignee the money which he had received from the sheriff on the execution, and to have the sheriff also pay over the amount remaining in his hands, and to have the proof of debt filed by M. in the bankruptcy proceedings disallowed and stricken out: *Held*, that M. had reasonable cause to believe that D. was insolvent, and that a fraud on the bankruptcy act was intended within the 35th and 39th sections [14 Stat. 534].

[Cited in Re Tonkin, Case No. 14,094; Haskell v. Ingalls, Id. 6,193; Re Hunt, Id. 6,882.]

2. As M. had not availed himself of the locus penitentiae given to him by the 23d section of the act, but had resisted the claim of the assignee, he must pay the penalty imposed by the 39th section of the act.

[Cited in Re Dunkle, Case No. 4,160; Re Reece, Id. 11,633; Re Stephens, Id. 13,365; Re Leland, Id. 8,230; Re Baxter, 25 Fed. 701.]

3. M., after taking possession of the property of D. under his judgment, should have thrown D. into bankruptcy for that act, and then have turned the property over to the assignee.

4. The prayer of the petition must be granted.

G. A. Seixas, for assignee.
J. E. Parsons, for Mowbray.

BLATCHFORD, District Judge. This is a petition by Lionel Moses, assignee of the bankrupt [Charles A. Davidson], praying that a judgment recovered against the bankrupt, in the superior court of the city of New York, on the 21st of July, 1868, by one Oliver Mowbray, for $5,182.80, be set aside and declared void; and that said Mowbray be ordered to pay over to the petitioner the sum of $1,231.50, received by him upon an execution issued on said judgment; and that the sheriff of the city and county of New York, to whom such execution was issued, be ordered to pay over to the petitioner the sum of $2,847.02, now in his hands as assets of said bankrupt, realized on a sale of the property of said bankrupt on said execution; and that the proof of debt against the estate of said bankrupt, filed by said Mowbray, be rejected and

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

disallowed and stricken out. The judgment was recovered by default. The execution was issued on the 21st of July, 1868, to the said sheriff. On the same day, the sheriff levied on the personal property of the bankrupt, under the execution, and took it into his possession. He afterwards sold it, under such levy, for $4,078.52. Of this sum $1,231.-50 were paid over to Mowbray. The balance now in the hands of the sheriff, less his fees, is $2,380.22. On the 28th of July, 1868, creditors of the bankrupt filed a petition against him in this court, praying that he might be adjudged a bankrupt. The act of bankruptcy alleged in the petition was that, being insolvent, or being in contemplation of insolvency, he procured and suffered his property to be taken on legal process in favor of said Mowbray on said execution, with intent thereby to give a preference to said Mowbray, and with intent, by such disposition of his property, to defeat and delay the operation of the bankrupt act. After a denial of bankruptcy and a trial by the court, the bankrupt was, on the 22d of February, 1869, adjudged a bankrupt, on said petition. On the 29th of December, 1868, the bankrupt filed in this court his voluntary petition to be adjudged a bankrupt, on which he was adjudged a bankrupt on the 15th of January, 1869. At the first meeting of creditors, on the 12th of February, 1869, Moses was elected assignee. The petition now under consideration was filed on the 4th of March, 1869. The ground on which it proceeds, in asking the relief it prays for, is, that, at the time of the entry of the said judgment, and of the levy and sale thereunder, the bankrupt was insolvent; that he suffered and procured his property to be taken on said execution, with intent to give a preference to Mowbray, and with intent, by such disposition of his property, to defeat and delay the operation of the bankruptcy act; and that, at the time of the commission of the said act of bankruptcy by the bankrupt, and at the time Mowbray received such preference, Mowbray had reasonable cause to believe that a fraud on the act was intended, and had reasonable cause to believe, and in fact knew, that the bankrupt was insolvent. On the 24th of February, 1869, Mowbray filed a proof of debt against the estate of the bankrupt, on the said judgment, for its full amount, less such amount realized upon said execution as he might finally be deemed entitled to receive, and the amount already then received thereupon, provided the same should finally be deemed to be a valid payment.

On the answers of Mowbray and of the sheriff to the petition proofs have been taken, and the case comes up now for decision. There is no room for doubt, on the evidence, that, as a matter of fact, the bankrupt was insolvent when he suffered his property to be taken on the execution, and that he suffered such property to be so taken with intent to give a preference to Mowbray, as a creditor of his, and that Mowbray at that time had reasonable cause to believe that the bankrupt was insolvent, and that a fraud on the bankruptcy act was intended, within the 35th and 39th sections thereof.

It is urged, on the part of Mowbray, that, although the bankrupt was insolvent when the levy was made, and although Mowbray had reason to believe so, yet the bankrupt had, prior to that time, committed no act of bankruptcy; that the position of Mowbray was only that of a diligent creditor, to whom no other course was open, using the arm of the law to collect a valid debt; that, if the relief asked for in this case is to be granted, an insolvent debtor who has not committed any act which subjects him to be proceeded against as an involuntary bankrupt, may practically set his creditors at defiance; that the knowledge that such relief as that here asked for will be granted, if the creditor proceeds to take the property of the debtor on legal process, under the circumstances existing in this case, and if the debtor is afterwards adjudged a bankrupt, will deter him from doing so; and that thus, if the debtor does not choose to go into voluntary bankruptcy, no remedy whatever will be open to the creditor. This view is fallacious. The penalty upon the creditor, provided for by the 39th section, of not being allowed to prove his debt in bankruptcy, is enforceable against him only in case he compels the assignee to resort to legal proceedings to recover back the property transferred in violation of the act, and in case such proceedings are successful. If he accepts a preference, having reasonable cause to believe that it was made or given by the debtor contrary to some provision of the act, he cannot prove the debt or claim on account of which the preference was made or given, or receive any dividend therefrom, until he shall first have surrendered to the assignee all property, money, benefit or advantage received by him under such preference. Such is the provision of the 23d section of the act, and it must be construed in connection with the 39th section, in such manner that, if possible, both may stand. The construction which this court has given to these two sections, in respect to the provisions in question,—In re Montgomery [Case No. 9,727],—has been, that the clause in the 39th section, in respect to not allowing the creditor to prove his debt in bankruptcy, applies only to cases in which the assignee is compelled to resort to legal proceedings to recover the property; that the creditor who claims to retain the property makes himself conclusively a party to the fraud against the act, by resisting the claim of the assignee to recover the property, in case the assignee is successful; but that where the creditor avails himself of the locus penitentiae given to him by the 23d section, by voluntarily surrendering the property to the assignee, he ceases to be a party to the fraud, and may prove his debt in bankruptcy

and receive dividends on it. This removes all the embarrassment and difficulty suggested in this case. Mowbray, after taking the property of the bankrupt on legal process, could himself have thrown him into bankruptcy for that act, and could then have voluntarily turned over the property so taken to the assignee. Instead of having done so, he resists the claim of the assignee after others have put the debtor into bankruptcy, and he must now pay the penalty plainly imposed by the 39th section, and which he might easily have avoided.

The prayer of the petition is granted in respect to both Mowbray and the sheriff, and the claim of Mowbray, embraced in his proof of debt, must be rejected.